Anna Maria Martin (Bar No. 7079)
amartin@mmhllp.com
MESERVE MUMPER & HUGHES LLP
316 California Ave. #216
Reno, Nevada 89509

800 Wilshire Boulevard, Suite 500
Los Angeles, California 90017-2611
Telephone: (213) 620-0300
Facsimile: (213) 625-1930

Attorneys for Defendant
ROCKY MOUNTAIN HOSPITAL AND
MEDICAL SERVICE, INC. DBA ANTHEM
BLUE CROSS AND BLUE SHIELD erroneously
sued herein as BLUE CROSS OF COLORADO, a
business organization, form unknown

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS REGIONAL SURGERY CENTER. L.P., A Nevada Limited Partnership,<br><br>                Plaintiff,<br><br>        vs.<br><br>BLUE CROSS OF COLORADO, a business organization, form unknown, and DOES 1 - 10,<br><br>                Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**<br><br>**[Clark County District Court Case No. A-17-0765037-C]** |

**TO THE DISTRICT COURT OF THE UNITED STATES, DISTRICT OF NEVADA, AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC. dba ANTHEM BLUE CROSS AND BLUE SHIELD ("ROCKY MOUNTAIN"), erroneously sued herein as BLUE CROSS OF COLORADO, a business organization, form unknown, hereby removes the above-captioned civil action from the District Court of the State of Nevada for the County of Clark to the United States District Court for the District of Nevada, based upon

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

161471.1

1

Case No.
NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441(b) (DIVERSITY)

1  diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1332(c), and 1441.

2       This removal is based on the following grounds:

3  **I.    TIMELINESS**

4       1.    On November 21, 2017, Plaintiff Las Vegas Regional Surgery Center,
5  L.P., a Nevada Limited Partnership ("Plaintiff") commenced this action by filing a
6  Complaint in the District Court of the State of Nevada for the County of Clark, Case
7  No. A-17-0765037-C.

8       2.    Plaintiff served a copy of the Summons and Complaint on ROCKY
9  MOUNTAIN on December 20, 2017.  True and correct copies of the Summons,
10  Complaint, and all other process, pleadings, and orders served on ROCKY
11  MOUNTAIN are attached hereto as Exhibit A.

12      3.    ROCKY MOUNTAIN has not yet answered or otherwise responded to
13  Plaintiff's Complaint.

14      4.    Removal is timely pursuant to 28 U.S.C. § 1446(b) because ROCKY
15  MOUNTAIN has filed this Notice of Removal within 30 days of being served with
16  the Summons and Complaint.

17  **II.   JOINDER**

18      5.    There are no defendants that are required to join in this removal.  All
19  other defendants are fictitiously named and need not be considered for purposes of
20  removal.  28 U.S.C. § 1441(b)(1).

21  **III.  JURISDICTION: DIVERSITY**

22      6.    This Court has original jurisdiction over this action pursuant to
23  28 U.S.C. § 1332 because it is a civil action between citizens of different states, and
24  the amount in controversy exceeds $75,000, exclusive of interest and costs.  Thus,
25  removal of this action is proper pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).

26      **A.    Citizenship of Plaintiff**

27      7.    ROCKY MOUNTAIN is informed and believes, and on that basis
28  alleges, that Plaintiff is a citizen of the State of Nevada.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

161471.1

2

Case No.
NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441(b) (DIVERSITY)

**B.   Citizenship of Defendant ROCKY MOUNTAIN**

8.   ROCKY MOUNTAIN is, and at all times relevant herein was, a corporation duly organized and existing under the laws of the State of Colorado, with its principal place of business in Colorado.  Therefore, ROCKY MOUNTAIN is a citizen of Colorado.  28 U.S.C. § 1332(c).

**C.   Doe Defendants**

9.   Does 1 through 10, named by Plaintiff as defendants in its Complaint, should be disregarded for the purposes of determining whether removal is proper on diversity grounds.  28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

**D.   Amount in Controversy**

10.   Plaintiff seeks recovery against ROCKY MOUNTAIN for, *inter alia*, medical and surgical services Plaintiff provided to insureds of ROCKY MOUNTAIN.  Plaintiff alleges that its usual and customary charges for services have historically been in excess of 30% of the billed amounts.  (Complaint, ¶ 5).  Plaintiff alleges that it "submitted bills to defendants for all medical and surgical services during 2014 and 2015 and expected to be paid more than 30% of the amount of the bills.  For 2014, Plaintiff's billings amounted to $6,839,898.76, and for 2015, Plaintiff's billings amounted to $8,153,201.40."  (Complaint, ¶ 6).  Plaintiff further alleges that "[f]or 2014, defendants paid only $830,683.84, which is 12.14% of total 2014 billings.  For 2015, defendants paid only $539,392.23, which is 6.62% of total billings."  (Complaint, ¶ 6).

11.   Plaintiff alleges that ROCKY MOUNTAIN breached the terms of their agreement by failing and/or refusing to pay the usual and customary rates for medical and surgical services during 2014 and 2015.  (Complaint, ¶ 8).

12.   The amount in controversy exceeds the $75,000 jurisdiction threshold.  28 U.S.C. § 1332(a).  If Plaintiff is correct, at the very least it would be entitled to an

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

161471.1

3

Case No.
NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441(b) (DIVERSITY)

additional 17.86% in compensation for all 2014 billings and 23.38% in compensation for all 2015 billings. Those payments would be at least $1,221,605.92 for 2014 and $1,906,218.49 for 2015. Plaintiff contends that its usual and customary charges actually exceed 30% of amounts billed. As such the amount in controversy is likely even greater.

13.    Separate from these contractual benefits, Plaintiff also seeks attorney fees, which may be counted towards the jurisdictional minimum. (Complaint, Prayer for Relief ¶¶ B). *See Haase v. Aerodynamics Inc.*, 2009 WL 3368519, at *3-5 (E.D. Cal. Oct. 19, 2009) (noting that claims for special and general damages, attorney fees, and punitive damages may be counted towards the jurisdictional minimum when such items are recoverable as a matter of state law.).

14.    Given Plaintiff's allegations and the damages it seeks, the amount in controversy clearly exceeds the $75,000 jurisdictional threshold, exclusive of interests and costs.

## IV.   NOTICE

15.    Proper notice will be given this date to Plaintiff herein through its counsel of record, and to the Clerk of the District Court for the State of Nevada, County of Clark. A true and correct copy of the Notice is attached hereto as Exhibit B, and by this reference incorporated as if set forth in full.

WHEREFORE, ROCKY MOUNTAIN prays that this matter pending in the District Court for Clark County, Nevada be removed to this Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

161471.1

4

Case No.
NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441(b) (DIVERSITY)

1

2 Dated: January 17, 2018                    Anna Maria Martin
                                            MESERVE, MUMPER & HUGHES LLP
3

4
                                     By:    /s/ Anna Maria Martin
5                                           Anna Maria Martin
                                            Attorneys for Defendant
6                                           ROCKY MOUNTAIN HOSPITAL
                                            AND MEDICAL SERVICE, INC.
7                                           DBA ANTHEM BLUE CROSS
                                            AND BLUE SHIELD
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

161471.1

5

Case No.
NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441(b) (DIVERSITY)