# EXHIBIT A

12/20/17
Served
L. Anthone

```
 1  SUMM
    David J. Merrill
 2  Nevada Bar No. 6060
    David J. Merrill, P.C.
 3  10161 Park Run Drive, Suite 150
    Las Vegas, Nevada 89145
 4  Telephone: (702) 566-1935
    Facsimile: (702) 993-8841
 5  E-mail: david@djmerrillpc.com
    Attorney for Plaintiff
 6
 7
 8                  DISTRICT COURT
 9                CLARK COUNTY, NEVADA
```

| | |
|---|---|
| LAS VEGAS REGIONAL SURGERY CENTER, L.P., a Nevada Limited Partnership,<br><br>Plaintiff,<br><br>vs.<br><br>BLUE CROSS OF COLORADO, a business organization, form unknown, and DOES 1–10,<br><br>Defendants. | Case No.: A-17-765037-C<br>Dept. No.: 32 |

## SUMMONS - CIVIL

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

   (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

1

EXHIBIT A, Page 000006

    (b)    Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of the Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

By: _____
David J. Merrill
David J. Merrill, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 566-1935
Attorney for Plaintiff

STEVEN D. GRIERSON
CLERK OF COURT

By: _____
Deputy Clerk     Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155

NOTE: When service is by publication, add a brief statement of the object of the action. See Nevada Rules of Civil Procedure 4(b).

2

Electronically Filed
11/21/2017 12:02 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
David J. Merrill
Nevada Bar No. 6060
David J. Merrill, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 566-1935
Facsimile: (702) 993-8841
E-mail: david@djmerrillpc.com
Attorney for Plaintiff

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| LAS VEGAS REGIONAL SURGERY CENTER, L.P., a Nevada Limited Partnership,<br><br>    Plaintiff,<br><br>vs.<br><br>BLUE CROSS OF COLORADO, a business organization, form unknown, and DOES 1–10,<br><br>    Defendants. | Case No.: A-17-765037-C<br>Dept. No.  Department 32 |

## COMPLAINT

Plaintiff Las Vegas Regional Surgery Center, L.P., a Nevada Limited Partnership alleges as follows:

1.   Plaintiff is a Nevada limited partnership, with its principal place of business in Clark County, Nevada.

2.   Plaintiff is informed and believes that Defendant Blue Cross of Colorado is a business organization, form unknown, with its principal place of business in Colorado.

3.   Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 10, inclusive and therefore sue said defendants by such fictitious names. Plaintiff will

1

amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes that each defendant designated as a Doe is negligently or otherwise legally responsible for the events and happenings referred to in this complaint, and negligently or otherwise unlawfully caused the injuries and damages to Plaintiff as alleged in this complaint.

4. Plaintiff is informed and believes that each of the defendants was at all material times the agent, employee, joint venturer and partner of, and a co-conspirator with, the remaining defendants and acted within the course and scope of such agency, employment, joint venture, partnership and conspiracy in performing the actions alleged below.

5. During 2014 and 2015, Plaintiff provided medical and surgical services to patients located in Nevada who had medical insurance coverage with defendants. Before each medical and surgical service, Plaintiff confirmed insurance coverage with defendants and obtained their agreement to pay Plaintiff its usual and customary charges for performance the medical and surgical services, which historically have been more than 30% of the billed amount. Notably, in no case was Plaintiff advised by defendants and each of them that they intended to impose any limitations on Plaintiff's usual and customary charges, including but not limited to any maximum allowable daily amount limitations. Had Plaintiff been advised of any such limitations, Plaintiff would not have provided any medical or surgical services subject to such limitations.

6. Plaintiff submitted bills to defendants for all medical and surgical services during 2014 and 2015 and expected to be paid more than 30% of the amount of the bills. For 2014, Plaintiff's billings amounted to $6,839,898.76 and for 2015, Plaintiff's billings amounted to $8,153,201.40. But defendants failed and refused to pay more than 30% of the amount of Plaintiff's bills, and have instead submitted payment in arbitrary amounts. In some cases, defendants have imposed a maximum allowable daily amount of $1,400, all contrary to their previous

EXHIBIT A, Page 000009

agreements, representations, and course of conduct. For 2014, defendants paid only $830,683.84, which is 12.14% of total 2014 billings. For 2015, defendant paid only $539,392.23, which is 6.62% of total billings.

## FIRST CAUSE OF ACTION

(Breach of Contract)

7. Plaintiff incorporates by reference each of the allegations set forth above as if fully set forth herein.

8. Defendants have breached their agreements with Plaintiff by their failure and refusal to pay Plaintiff its usual and customary rates for medical and surgical services during 2014 and 2015.

9. As a proximate result of defendants' breach of their agreements, Plaintiff has suffered damages in excess of $10,000.

## SECOND CAUSE OF ACTION

(Breach of Implied in Fact Agreement)

10. Plaintiff incorporates by reference each of the allegations set forth above as if fully set forth herein.

11. Because of the above-described oral representations, failures to disclose, and course of conduct of defendants, Plaintiff had an implied in fact agreement with defendants that Plaintiff would provide medical and surgical services to patients insured by defendants during 2014 and 2015, and defendants would pay Plaintiff its usual and customary rates for those medical and surgical services, which historically had been more than 30% of the billed amount.

12. Plaintiff at all times fulfilled its duties and conditions under the contract and has been ready, willing, and able to continue performing them in a competent and satisfactory manner.

13. Defendants have breached the contract by their failure and refusal to pay Plaintiff its usual and customary rates for those medical and surgical services during 2014 and 2015.

DAVID J. MERRILL, P.C.
10161 PARK RUN DRIVE, SUITE 150
LAS VEGAS, NEVADA 89145
(702) 566-1935

EXHIBIT A, Page 000010

14. As a proximate result of defendants' breach of their agreements, Plaintiff has sustained damages in excess of $10,000.

### THIRD CAUSE OF ACTION

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

15. Plaintiff incorporates by reference each of the allegations set forth above as if fully set forth herein.

16. The agreements between the parties contain an implied covenant of good faith and fair dealing that obligates defendants to perform the terms and conditions of the agreements fairly and in good faith and to refrain from doing any act that would deprive Plaintiff of its expected benefits.

17. The conduct of the defendants above breached the implied covenant of good faith and fair dealing in the agreement as defendants failed to act fairly and in good faith and engaged in activity that deprived Plaintiff of its benefits under the agreements. Specifically, defendants breached the implied covenant of good faith and fair dealing by their failure and refusal to pay Plaintiff its usual and customary rates for medical and surgical services during 2014 and 2015, which historically had been more than 30% of the billed amount.

18. As a proximate result of defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has sustained damages in excess of $10,000.

### FOURTH CAUSE OF ACTION

(Account Stated)

19. Plaintiff incorporates by reference each of the allegations set forth above as if fully set forth herein.

20. Plaintiff is informed and believes that during 2014 and 2015, there was an account stated between Plaintiff and defendants, in which defendants agreed to pay Plaintiff its usual and customary rates for medical and surgical services, which historically had been more than 30% of the billed amount. Defendants have not paid Plaintiff its usual and customary rates for medical and

4

surgical services during 2014 and 2015, and owes Plaintiff an amount in excess of $10,000.

### FIFTH CAUSE OF ACTION

(Unjust Enrichment/Quantum Meruit)

21. Plaintiff incorporates by reference each of the allegations set forth above as if fully set forth herein.

22. Plaintiff provided medical and surgical services to patients for which Plaintiff expected to receive from Defendants its usual and customary rates for the medical and surgical services. But Defendants have retained the benefit of the medical and surgical services provided by Plaintiff without payment of Plaintiff's usual and customary rates for the medical and surgical services. Plaintiff has suffered harm and Defendants have received a benefit in excess of $10,000.

### SIXTH CAUSE OF ACTION

(Open Book Account)

23. Plaintiff incorporates by reference each of the allegations set forth above as if fully set forth herein.

24. Plaintiff is informed and believes that defendants became indebted to Plaintiff on an open book account in an amount in excess of $10,000 for medical and surgical services. Despite demand by Plaintiff, defendants have failed to pay the amounts due and owing to Plaintiff.

### SEVENTH CAUSE OF ACTION

(Fraud)

25. Plaintiff incorporates by reference each of the allegations set forth above as if fully set forth herein.

26. Defendants failed to disclose to Plaintiff certain material facts, including that defendants did not intend to pay Plaintiff its usual and customary charges for performance of medical and surgical services and that they intended to

5

EXHIBIT A, Page 000012

1 impose limitations on Plaintiff's usual and customary charges, including but not
2 limited to a maximum allowable daily amount limitation.

3    27. Defendants did not disclose these material facts with the intent to
4 deceive Plaintiff and with the intent to induce Plaintiff's action in reliance thereon.

5    28. When these failures to disclose and suppressions of fact occurred, and
6 at the time Plaintiff provided the medical and surgical services to defendants and
7 their insureds, Plaintiff was ignorant of the existence of these material facts, which
8 defendants suppressed and failed to disclose. If Plaintiff had been aware of the
9 existence of these material facts not disclosed by defendants, Plaintiff would not
10 have provided any medical and surgical services subject to such limitations.

11    29. Plaintiff has suffered damages in excess of $10,000 as a result of
12 defendants' failure to disclose.

13 Wherefore, Plaintiff prays for judgment as follows:

14    A. For general and special damages according to proof, but in excess of
15 $10,000;

16    B. For interest, costs, and attorneys' fees; and

17    C. For such other and further relief as the Court may deem just and
18 proper.

19 DATED this 21st day of November 2017.

20                     David J. Merrill, P.C.

22               By: _____
23                   David J. Merrill
                    10161 Park Run Drive, Suite 150
24                   Las Vegas, Nevada 89145
                    (702) 566-1935
25                   Attorney for Plaintiff